Paul A. KROHN, Plaintiff–Appellee–Cross–Appellant,

Alli Katt, Plaintiff–Appellee,

v.

NEW YORK CITY POLICE DEPART-MENT, Anthony Dipalma and City of New York, Defendants–Appellants–Cross–Appellees.

Nos. 01–7827(LEAD), 01–7875(CON), 01–9023(XAP).

United States Court of Appeals, Second Circuit.

April 2, 2003.

Scott Shorr, Corporation Counsel of the City of New York, New York, NY, for Appellants.

Scott R. Samay, Kirkland & Ellis, New York, NY, for Appellees.

PRESENT: FEINBERG, VAN GRAAFEILAND, and F.I. PARKER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED in part. We reserve decision on the motion for certification and the plaintiffs' cross-appeal.

Defendants-appellants-cross-appellees the New York City Police Department ("the City") and Anthony DiPalma appeal from the district court's August 28, 2001 order denying their motion for a new trial after a jury verdict of $400,000 compensatory damages against both defendants and $1 million in punitive damages against the City on plaintiff Alli Katt's claim of a hostile work environment in violation of federal, state and city law. The defendants argue on appeal that the district court abused its discretion in admitting certain evidence and that therefore a new trial is required. Katt cross-appeals, challenging the same district court order, which vacated the award of punitive damages against the City.

The standard for granting a new trial because of a district court's abuse of discretion is a demanding one, "[a] new trial is warranted if the court's abuse of discretion clearly prejudiced the outcome of the trial. We will grant a new trial only if we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Annis v. County of Westchester*, 136 F.3d 239, 247 (2d Cir.1998) (granting a new trial because of the admission of prejudicial testimony). Additionally, the trial court "has wide discretion in controlling the admissibility of testimony and other evidence, and absent a demonstration of abuse of discretion, its rulings will not be disturbed." *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir.1995); *see also United States v. DiDomenico*, 985 F.2d 1159, 1163 (2d Cir.1993) (appellate court will only reverse district court's determination on expert testimony if "manifestly erroneous").

Defendants argue that Dr. Stephen Leinen's testimony was inappropriately let in because he was insufficiently qualified as an expert and the unfair prejudicial effect of his testimony outweighed its probative value. Defendants also assert the district court abused its discretion when it allowed certain questions to be asked of defendant DiPalma. We disagree, and affirm the judgment of the District Court regarding the grant of a new trial for substantially the same reasons as stated in the opinion of the District Court.

We reserve decision on plaintiffs' cross-appeal and the defendants' motion to certify, both of which concern the question of whether punitive damages are available against the City under the New York City Human Rights Law. We will dispose of that portion of the appeal in a separate opinion to be filed at a later date.

The judgment of the district court is AFFIRMED in part. We reserve decision on the motion for certification and plaintiffs' cross-appeal.